IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTONIO SANCHEZ BROWN, #157889                                    PETITIONER

V.                                          CIVIL ACTION NO. 4:11-cv-170-CWR-FKB

STATE OF MISSISSIPPI                                              RESPONDENT

## MEMORANDUM OPINION

Petitioner, an inmate of the Mississippi Department of Corrections, filed a Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  On November 9, 2011, an Order [4] was entered which denied the Petitioner's request to proceed *in forma pauperis* and he was ordered to pay the required $5.00 filing fee, on or before December 4, 2011.  The Petitioner was warned in this Order that failure to timely comply with the requirements of the Order may lead to the dismissal of his Petition. Instead of paying the filing fee, Petitioner filed a pleading [5] entitled "Motion to withdraw the $5.00 filing fee out of my prisoner account."  On November 16, 2011, the Court entered an Order [6] which advised the Petitioner that he is responsible for having the filing fee submitted to the Court from his prison account or other means and further that the Court can not automatically deduct the $5.00 fee from his prison account.  Petitioner did not respond to either of these Orders [4, 6] or submit payment for the filing fee.

On December 20,  2011, the Court entered an Order to Show Cause [7] which directed Petitioner to file a written response showing cause why this case should not be dismissed for his failure to comply with the Order of November 9, 2011, and Petitioner was directed to pay the filing fee on or before January 4, 2012.  The Order to Show Cause warned Petitioner that his failure to advise this Court of a change of address or failure to timely pay the filing fee will result in this cause

being dismissed.  Petitioner did not respond to this Order or submit payment for the filing fee.

Since Petitioner is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to summary dismissal of this case.  On January 19, 2012, the Court entered a Final Order to Show Cause [8] which directed Petitioner to file a written response showing cause why this case should not be dismissed for his failure to comply with the Orders of November 9, 2011, and December 20, 2011.  Petitioner was also directed to pay the filing fee on or before February 3, 2012.  The Final Order to Show Cause  warned Petitioner that his failure to pay the filing fee by February 3, 2012, would result in the dismissal of this case without further notice to the Petitioner.  Petitioner did not respond to this Order or submit payment for the filing fee.

Petitioner has failed to comply with three court orders and he has not contacted this Court since November 15, 2011.  The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009).

2

Since the Respondent has not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 28th day of February, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE